1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   LAW OFFICES OF TODD M.
3    FRIEDMAN, P.C.
   21550 Oxnard Street, Suite 780
4  Woodland Hills, CA 91367
5  Phone: 877-206-4741
   Fax: 866-633-0228
6  tfriedman@toddflaw.com
7  abacon@toddflaw.com

8
   ***Attorneys for Plaintiffs***
9  ***Additional Attorneys On Signature Page***

10

11            UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA

13 SABER AHMED and JOHN              )  Case No. 5:16-cv-02057-JGB-DTB
14 MONTELEONE, individually and on   )
   behalf of all others similarly situated, )  **CLASS ACTION**
15                                    )
16 Plaintiffs,                       )  **FIRST AMENDED COMPLAINT**
                                      )  **FOR:**
17                                    )
        vs.                           )      1.   **VIOLATIONS OF THE**
18                                    )           **TELEPHONE**
19 HSBC BANK USA, NATIONAL            )           **CONSUMER**
   ASSOCIATION, and PHH              )           **PROTECTION ACT [47**
20 MORTGAGE CORPORATION,              )           **U.S.C. §227 ET SEQ.]**
21                                    )      2.   **WILLFUL VIOLATIONS**
22 Defendants.                        )           **OF THE TELEPHONE**
                                      )           **CONSUMER**
23                                    )           **PROTECTION ACT [47**
                                      )           **U.S.C. §227 ET SEQ.]**
24                                    )
25                                    )  **DEMAND FOR JURY TRIAL**
                                      )
26

27 _____
28     Plaintiffs Saber Ahmed and John Monteleone ("Plaintiffs"), individually

---

**FIRST AMENDED CLASS ACTION COMPLAINT**
**-1-**

and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiffs bring this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of HSBC Bank USA, National Association and PHH Mortgage Corporation ("Defendants") in contacting Plaintiffs on their cellular telephones in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* ("TCPA"). These calls are harassing, constitute a nuisance, a trespass to chattels, and are an invasion of privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff Saber Ahmed, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, companies with their principal place of business and State of Incorporation in New York State and New Jersey respectively. Plaintiffs also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* because Defendants do business within the State of California, within the County of Riverside and therefore in the Central District of California.

## PARTIES

4.     Plaintiff Saber Ahmed ("Plaintiff Ahmed") is a natural person residing in Winchester, California, and is a "person" as defined by *47 U.S.C. §*

*153(39).*

5.     Plaintiff John Monteleone ("Plaintiff Monteleone") is a natural person residing in Passaic County, New Jersey, and is a "person" as defined by *47 U.S.C. § 153(39).*

6.     Defendant HSBC Bank USA, National Association ("Defendant HSBC") is a company in the business of lending money to consumers and collecting thereon; and is a "person" as defined by *47 U.S.C. § 153(39).*

7.     Defendant PHH Mortgage Corporation ("Defendant PHH Mortgage") is a company in the business of lending money to consumers, servicing mortgages, and collecting thereon and is a "person" as defined by *47 U.S.C. § 153(39).*

## FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Defendants**

8.     Defendant HSBC is, in part, in the business of offering and servicing a wide range of mortgage products and financial services to mortgage holders.

9.     Defendant PHH Mortgage offers outsourcing services to wealth management firms, regional banks and community banks, including Defendant HSBC.

10.     Defendant HSBC retains Defendant PHH Mortgage to service certain mortgages that Defendant HSBC holds or owns, including placing automated calls using an ATDS or artificial or prerecorded voice to mortgagors who have fallen behind on their mortgages.

11.     Defendant HSBC knows that Defendant PHH Mortgage places collection calls using an ATDS or artificial or prerecorded voice.  Defendant HSBC directs the manner and means by which PHH Mortgage places the calls.

12.     During the collection calls that Defendant PHH Mortgage initiates using an ATDS or artificial or prerecorded voice, the callers admit that the calls are "robocalls."

13.     During the collection calls that Defendant PHH Mortgage initiates,

the operator identifies him or herself as affiliated with the HSBC collections department.

14.    Defendant HSBC ratifies Defendant PHH Mortgage's actions by accepting the benefits of Defendant PHH Mortgage's calls through continuing to use PHH to service these loans despite knowledge that it is using this equipment and messages, and accepting payments on the mortgages generated by Defendant PHH Mortgage's telephone solicitation activities.

15.    Defendants make calls using an ATDS or artificial or prerecorded voice to cellular telephones whose owners have not provided prior express written consent to receive such calls. Plaintiffs received such calls without providing any type of prior consent.

16.    Defendants also fail to cease such improper calls even after they have been told not to call the customer using an ATDS and/or artificial or prerecorded voice.

**B.    Defendant HSBC Is Liable for Calls Placed on Its Behalf**

17.    Creditors are strictly liable for TCPA violations of the debt collection agencies that make illegal calls on their behalf.  Because HSBC, a creditor, hired PHH to service these loans, including make calls, HSBC is liable for these calls.

18.    Alternatively, Defendant HSBC is vicariously liable for the conduct of Defendant PHH Mortgage under ordinary principles of agency because Defendant HSBC directed or authorized PHH Mortgage's conduct constituting the statutory violations alleged herein.

18.    Defendant HSBC established, approved, or ratified Defendant PHH Mortgage's policies and practices.

19.    Defendant HSBC accepted the benefits of Defendant PHH Mortgage and other vendors' illegal calls by accepting payments from debtors generated by the illegal calls, in spite of knowledge that the payments were generated through

the making of illegal calls such as those being challenged here.

20.     Defendant HSBC cloaked Defendant PHH Mortgage with apparent/implied authority to act on its behalf, including but not limited to authorizing PHH Mortgage to make debt collection calls on its behalf and to use its name in its collection efforts.  Alternatively, PHH made these calls, and HSBC operators/agents serviced them, in which case HSBC would have participated in the illegal calls.

21.     Defendant HSBC had the authority and responsibility to prevent or correct the unlawful calling practices of Defendant PHH Mortgage and formulated, directed, controlled, and participated in the acts and practices of PHH Mortgage that violated the TCPA, including the acts and practices set forth in this Complaint.

22.     Under ordinary principles of vicarious liability, Defendant HSBC is liable for the TCPA violations alleged above because it is directly involved in, authorized, or ratified the PHH Mortgage operations that violated the TCPA

**C.     Factual Allegations Regarding Plaintiff Ahmed**

23.     Beginning in and around February of 2015, Defendants and/or their agents contacted Plaintiff Ahmed on his cellular telephone number ending in -0234, in an attempt to collect an alleged outstanding debt.

24.     Defendants and/or their agents contacted or attempted to contact Plaintiff Ahmed from a myriad of different telephone numbers. As an illustrative example (and not one of limitation), Defendants and/or its agents contacted or attempted to contact Plaintiff Ahmed from the following telephone numbers: (856) 917-0001; (877) 387-9031; (714) 418-4291; (714) 418-4144; and (856) 917-0050.

25.     To further illustrate Defendants' illegal actions (and, again, not one of limitation), Defendants contacted or attempted to contact Plaintiff Ahmed on or around:  February 10, 2015 at 11:33 a.m. and 11:46 a.m.; February 12, 2015 at

2:55 p.m.; February 13, 2015 at 11:40 a.m. and 6:39 p.m.; February 16, 2015 at 9:52 a.m.; April 8, 2015 at 9:48 a.m.; April 10, 2015 at 10:08 a.m.; May 21, 2015 at 10:48 a.m.; June 12, 2015 at 3:27 p.m.; June 17, 2015 at 9:43 a.m.; June 18, 2015 at 9:43 a.m. and 2:31 p.m.; August 5, 2015 at 10:18 a.m.; August 14, 2014 at 9:41 a.m.; August 21, 2015 at 1:34 p.m. and 2:29 p.m.; August 22, 2015 at 9:30 a.m. and 2:44 p.m.; August 24, 2015 at 8:44 a.m. and 1:35 p.m.; August 25, 2015 at 9:25 a.m., 11:19 a.m., and 1:14 p.m.; September 3, 2015 at 9:25 a.m.; September 16, 2015 at 8:33 a.m., 1:56 p.m., and 4:06 p.m.; October 3, 2015 at 11:54 a.m.; October 5, 2015 at 2:43 p.m. and 4:12 p.m.; and October 6, 2015 at 9:04 a.m.

26.     Furthermore, during all relevant times, to place the aforementioned calls (and, indeed, other calls not enumerated herein), Defendants and/or their agents used an ATDS, as defined by *47 U.S.C. § 227(a)(1)*, to place its daily calls to Plaintiff Ahmed seeking to collect the debt allegedly owed.

27.     Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

28.     Defendants' calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff Ahmed incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

29.     During all relevant times, Defendants did not possess Plaintiff Ahmed's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

30.     Defendants' calls to Plaintiff Ahmed are annoying, harassing, constitute a nuisance, and are an invasion of privacy.

31.     Defendants are responsible for making the above-described ATDS-generated and/or prerecorded calls.

32.     Defendants have made a significant number of ATDS generated

and/or automated or prerecorded calls to persons on their cellular telephones in California, New Jersey, and throughout the entire United States.

33.     Defendants intend to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons on their cellular telephones in California, New Jersey, and throughout the entire United States.

**D.     Factual Allegations Regarding Plaintiff Monteleone**

34.     In or around August 2015, Plaintiff Monteleone began receiving ATDS-generated or automated or prerecorded calls ("robocalls") on his cellular telephone from, or on behalf of, Defendants.

35.     In fact, Plaintiff Monteleone received numerous calls to his cellular telephone from Defendants, including, but not limited to, on the following dates: August 20, 2015 at 1:39 p.m.; August 26, 2015 at 12:14 p.m.; August 27, 2015 at 12:28 p.m.; August 28, 2015 at 2:57 p.m.; September 3, 2015 at 3:27 p.m.; September 18, 2015 at 12:18 p.m.; September 21, 2015 at 11:05 a.m. and 1:27 p.m.; September 23, 2015 at 10:09 a.m.; September 28, 2015 at 2:16 p.m.; October 15, 2015 at 3:18 p.m.; October 22, 2015 at 11:28 a.m.; October 23, 2015 at 10:32 a.m.; October 26, 2015 at 10:04 a.m.; October 27, 2015 at 9:41 a.m.; October 28, 2016 at 11:16 a.m.; October 30, 2015 at 10:11 a.m. and 1:14 p.m.; November 2, 2015 at 10:03 a.m. and 4:29 p.m.; November 3, 2015 at 9:54 a.m. and 1:11 p.m.; November 4, 2015 at 10:00 a.m.; November 5, 2015 at 11:02 a.m.; November 6, 2015 at 12:02 p.m.; November 7, 2015 at 10:43 a.m.; November 9, 2015 at 10:30 a.m. and 5:34 p.m.; November 10, 2015 at 12:41 p.m.; November 11, 2015; November 12, 2015 at 2:39 p.m. and 5:28 p.m.; November 20, 2015 at 4:14 p.m.; November 30, 2015 at 3:54 p.m.; December 1, 2015 at 3:44 p.m.; December 2, 2015 at 9:42 a.m.; December 4, 2015 at 12:22 p.m.; December 5, 2015 at 12:41 p.m.; December 7, 2015 at 10:58 a.m., 2:58 a.m., and 6:59 p.m.; December 8, 2015 at 12:20 p.m.; December 10, 2015 at 1:47 p.m.; December 11, 2015 at 4:18 p.m.; and December 30, 2015 at 5:00 p.m.

36.     When Plaintiff Monteleone answered some of the calls, he immediately heard a prerecorded voice saying "please continue to hold." Music would then play for a few seconds until the prerecorded voice again instructed Plaintiff Monteleone to "please continue to hold."

37.     On multiple occasions, Plaintiff Monteleone continued to hold to speak with a live operator.

38.     During these interactions with the live operator, Plaintiff Monteleone obtained verbal confirmation from Defendant HSBC that the calls were robocalls.

39.     For example, after answering one of Defendants' calls, Plaintiff Monteleone had the following exchange with an HSBC Mortgage Service Center representative who identified himself as "Ali":

| | |
|---|---|
| Monteleone: | Is this an automatic dialer call you're doing? |
| HSBC: | Yes, sir. |
| Monteleone: | It is?  So this is like a robocall, correct? |
| HSBC: | Yes, sir. |

40.     During many of these interactions with live operators, Plaintiff Monteleone also requested that the calls to his cellular telephone cease.

41.     For example, during the call with Ali described above, Plaintiff Monteleone and Ali had an exchange substantively as follows:

| | |
|---|---|
| Monteleone: | .  .  .  Anyway you guys could stop bothering me on this? |
| HSBC: | Well, that's the thing about it, sir, is that the collection calls will continue.  I have no control over that. |
| Monteleone: | So you can't stop this, you're saying? |
| HSBC: | Nope.  I have no control over that. |
| Monteleone: | You don't?  Who does? |
| HSBC: | I think customer service. I think you have |

| | | |
|---|---|---|
| | | to contact them. |
| Monteleone: | | I thought you were customer service. |
| HSBC: | | We're the collections department. |
| Monteleone: | | Oh, oh.  Well, can you stop these calls from coming? |
| HSBC: | | It's the automated dialer, so every month, you know, when we see the amount due, it automatically dials. |
| Monteleone: | | Every day it dials? |
| HSBC: | | Every, every time we see an amount due, it dials until the payment is made. |
| Monteleone: | | So, that's every day. |
| HSBC: | | It can be every day. |
| Monteleone: | | *Can* be every day?   It *is* every day.  Sometimes it's two or three times a day. |
| HSBC: | | We get in contact with you, when we talk to you, we're not going to call you again the same day but we, since we talked on the phone today you know. |
| Monteleone: | | Oh, so you won't bother me for the rest of the day, so I'm good to go, right? |
| HSBC: | | Me, myself, I wouldn't call you back. |
| Monteleone: | | Okay.  Alright, you have yourself a great day.  Thank you very much.  If you can't stop this, I don't know what else we could talk about.  There is an active short sale going on.  This is harassment, and I wish you guys would stop it. |
| HSBC: | | I'll put that in the notes for you, sir. |

42.     On November 11, 2015, Plaintiff Monteleone had a similar exchange with another HSBC representative who identified herself as Brielle:

Monteleone:     . . . 30 minutes before you called, I was in the dentist, so I really couldn't take your

1
2

call, or the other one. But 30 minutes before you called, I get a robocall I guess from HSBC looking for payment

3

HSBC:        Oh, the collections department?

4
5

Monteleone:  That's right the collections department. And I'm getting 2-3 calls a day from the collections department

6
7
8
9
10
11

HSBC:        Those calls only typically happen only because the account isn't being shown current. The only thing I can do at this point to stop those collection calls is I can put you in the system as taking you out for 7 days, and then after that I will just have to do it again, but I can't completely take you out.

12

Monteleone:  So you can't stop these robocalls?

13
14
15

HSBC:        Not completely. Only up to 7 days. Only way it can be stopped is if the account is brought current.

16
17

Monteleone:  Okay, now, today is November 11th, so you're gonna put me in to stop the robocalls?

18

HSBC:        Uh huh. Did you get a call today already?

19

Monteleone:  I did, 20 minutes before you called.

20
21
22
23

HSBC:        Okay, so I'll put you in the system and I'm just making sure you did already receive a call today because it does take 24 hours for it to generate through the system, so I just wanted to make sure.

24
25

Monteleone:  Can you see in the system that I received the robocall? About 45 minutes ago.

26

HSBC:        Let's see… Let's see... Today's date…?

27

Monteleone:  November 11th.

28

HSBC:        Yep, I see one right here. I see you didn't answer, correct?

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

| | | |
|---|---|---|
| Monteleone: | That's correct. I was in the dentist chair. |
| HSBC: | Yep, I see it here. So, I can take you out for 7 days. |
| Monteleone: | What time was that call made? |
| HSBC: | Let's see if I can even see a time. Let's see – I can't even see a time. I would say around 12:00. |
| Monteleone: | That's about right. That's when I was in the dentist chair. |
| HSBC: | Yep. Yeah, I can take you out for you today. |
| Monteleone: | Why do they call me 2 or 3 times a day? What are they – |
| HSBC: | Sometimes it can be – I know in collections they're either working off the sheets or they will call you through their dialing system on that end, so it may come through their dialing system and then someone may have you on their manual sheet. So, that could be the reason why you may receive 2 calls a day. |
| Monteleone: | Do you think that's excessive? |
| HSBC: | Could get quite annoying. That's why I'm gonna take you out today. |
| Monteleone: | Beyond quite annoying. It's harassment; it's truly harassment. . . . |

43.   In addition to the two exchanges detailed in paragraphs 41 and 42, above, Defendants and/or their agents have provided a number of additional responses to Plaintiff Monteleone's requests that calls to his cellular telephone cease, including: (a) that he will be taken off the call list and the robocalls will stop; (b) that they can stop the robocalls for two weeks but then they will automatically start back up again; and (c) that there is nothing they can do to stop the robocalls.

44.     Defendants and/or their agents have also advised Plaintiff Monteleone on multiple occasions that, in order for the robocalls to stop, Plaintiff Monteleone would have to send in a written "cease and desist" letter to Defendants.

45.     Plaintiff Monteleone did not provide his prior express consent to receive ATDS-generated and/or artificial or prerecorded voice telephone calls on his cellular telephone from, or on behalf of, Defendants.

46.     Furthermore, Plaintiff Monteleone specifically told Defendants that they did not have permission to call him on his cellular telephone using an ATDS and/or artificial or prerecorded voice on more than one occasion, including on November 11, 2015, when speaking with HSBC representative Angelic Medina:

| | |
|---|---|
| HSBC: | Alright, and let me just verify are we allowed to call you on your cell phone, (973) 865-[XXXX], using the automated dialer? |
| Monteleone: | Using the automated dialer? I've asked to have that stopped. This is robocalling You're the third time I've been called today. I was assured yesterday that the calls were gonna stop. Why are you calling me? |
| HSBC: | Let me just check; please give me a minute. While I'm still checking on it, would you like to add your email? |
| Monteleone: | No. I don't want you bothering my email, too. You're calling me 3 times a day as it is. |

47.     Even if Defendants believe they had obtained express consent to contact Plaintiff Monteleone on his cellular telephone using an ATDS and/or automated or prerecorded voice, Plaintiff Monteleone revoked that consent on several occasions.

48.     Defendants' calls to Plaintiff Monteleone are annoying, harassing, constitute a nuisance, and are an invasion of privacy.

49.     Defendants are responsible for making the above-described ATDS-generated and/or artificial or prerecorded voice calls.

50.     Defendants have made a significant number of ATDS-generated and/or artificial or prerecorded calls to persons on their cellular telephones in California, New Jersey, and throughout the entire United States.

51.     Defendants intend to continue to make similar ATDS-generated and/or artificial or prerecorded voice calls to persons on their cellular telephones in California, New Jersey, and throughout the entire United States.

52.     Plaintiffs and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were subjected to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls. The calls also occupied Plaintiffs' and all members of the Class' cellular telephone lines from legitimate communication. Furthermore, every call used some of the recipient's time and mental energy, both of which are precious.

## CLASS ALLEGATIONS

53.     Plaintiffs bring this action individually and on behalf of all others similarly situated, as members of the proposed class (hereafter the "Class") defined as follows:

> All persons within the United States to whom (a) Defendant HSBC or a third party acting on Defendant HSBC's behalf (b) in an effort to collect payment on mortgages owned by Defendant HSBC, (c) placed calls (d) to their cellular telephone (e) through the use of any automatic telephone dialing system or an artificial or prerecorded voice (f) within the four years prior to the filing of this Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

54.     Plaintiffs also bring this action on behalf of the following Subclass defined as follows:

> All persons within the United States to whom: (a) Defendant PHH Mortgage, (b) in an effort to collect payment on mortgages owned by Defendant HSBC, (c) placed calls (d) to their cellular telephone numbers (e) through the use of any automatic telephone dialing system or an artificial or prerecorded voice (f) within the four years prior to the filing of this Complaint.

Plaintiffs represent, and are members of, the Class and Subclass. Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' employees and agents are excluded from the Class and Subclass.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

55.     Plaintiffs do not know the number of members in the Class and Subclass, but believe the Class and Subclass members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

56.     The Class and Subclass are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class and Subclass members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that the Class and Subclass include thousands of members. Plaintiffs allege that the Class and Subclass members may be ascertained by the records maintained by Defendants.

57.     Plaintiffs and members of the Class and Subclass were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiffs and Class and Subclass members via their cellular telephones, thereby causing Plaintiffs and Class and Subclass members to incur certain charges or reduced telephone time for which Plaintiffs and Class and Subclass

members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiffs and Class and Subclass members.  Additionally, these illegal calls tied up the cell phones of Plaintiffs and the class, which had the purpose and effect of preventing them from using their phones for legitimate purposes.

58.     Common questions of fact and law exist as to all members of the Class and Subclass which predominate over any questions affecting only individual members of the Class and Subclass.  These common legal and factual questions, which do not vary between Class and Subclass members, and which may be determined without reference to the individual circumstances of any Class and Subclass members, include, but are not limited to, the following:

a.     As to Plaintiffs and the Class and Subclass, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b.     As to Plaintiffs and the Class and Subclass, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiffs and the Class and Subclass to treble damages;

c.     Whether Defendants are liable for ATDS generated and/or artificial or prerecorded voice calls attempting to collect debt owed to Defendants made by Defendant's' affiliates, agents, and/or other persons or entities acting on Defendants' behalf; and

d.     Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from

violating the TCPA in the future.

59.     As persons who received numerous collection calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent, Plaintiffs are asserting claims that are typical of the Class and Subclass.

60.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and Subclass. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including consumer class actions and TCPA class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and Subclass, and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class and Subclass.

61.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Subclass members is impracticable. Even if every Class and Subclass member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class and Subclass member.

62.     Defendants have engaged in a common course of conduct toward Plaintiffs and Class and Subclass members. The common issues arising from this conduct that affect Plaintiffs and Class and Subclass members predominate over any individual issues. Adjudication of these common issues in a single action has

1    important and desirable advantages of judicial economy.

2        63.    The prosecution of separate actions by individual Class and Subclass

3    members would create a risk of adjudications with respect to them that would, as

4    a practical matter, be dispositive of the interests of the other Class and Subclass

5    members not parties to such adjudications or that would substantially impair or

6    impede the ability of such non-party Class and Subclass members to protect their

7    interests.

8        64.    Defendants have acted or refused to act in respects generally

9    applicable to the Class and Subclass, thereby making final injunctive relief and

10   corresponding declaratory relief with respect to the Class and Subclass

11   appropriate on a class-wide bases. Moreover, on information and belief, Plaintiffs

12   allege that the automated calls made by Defendants and/or their affiliates, agents,

13   and/or other persons or entities acting on Defendants' behalf that are complained

14   of herein are substantially likely to continue in the future if an injunction is not

15   entered.

## FIRST CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)(1)(A)

19       65.    Plaintiffs repeat and incorporate by reference into this cause of action

20   the allegations set forth in the preceding paragraphs.

21       66.    The foregoing acts and omissions of Defendants and/or their

22   affiliates, agents, and/or other persons or entities acting on Defendants' behalf

23   constitute numerous and multiple violations of the TCPA, *47 U.S.C. §*

24   *227(b)(1)(A)*, by making calls, except for emergency purposes, to the cellular

25   telephone numbers of Plaintiffs and Class and Subclass members using an ATDS

26   and/or artificial or prerecorded voice.

27       67.    As a result of Defendants' and/or their affiliates, agents, and/or

28   other persons or entities acting on Defendants' behalf's violations of *47 U.S.C. §*

*227(b)(1)(A)*, Plaintiffs and Class and Subclass members presumptively are entitled to an award of $500.00 in statutory damages for each and every call to their cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

68.    Plaintiffs and Class and Subclass members are also entitled to and seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act
### 47 U.S.C. §227(b)(1)(A)

69.    Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth in the preceding paragraphs.

70.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and Class and Subclass members using an ATDS and/or artificial or prerecorded voice.

71.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, Plaintiffs and Class and Subclass members are entitled to treble damages of up to $1,500.00, for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to *47 U.S.C. §*

227(b)(3)(B) and *47 U.S.C. § 227(b)(3)(C)*.

72.    Plaintiffs and Class and Subclass members are also entitled to and seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

73.    Plaintiffs and Class and Subclass members are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against Defendants as follows:

A.    Certification of the proposed Class and Subclass;

B.    Appointment of Plaintiffs as representatives of the Class and Subclass;

C.    Appointment of the undersigned counsel as counsel for the Class and Subclass;

D.    A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.    An order enjoining Defendants and/or their affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.    An award to Plaintiffs and the Class and Subclass of damages, as allowed by law;

G.    An award to Plaintiffs and the Class and Subclass of attorneys' fees and costs, as allowed by law and/or equity;

H.    Leave to amend this Complaint to conform to the evidence presented at trial;

I.    Prejudgment interest; and,

1       J.     Orders granting such other and further relief as the Court deems

2 necessary, just, and proper.

3 **<u>DEMAND FOR JURY</u>**

4      Plaintiffs demand a trial by jury for all issues so triable.

5      RESPECTFULLY SUBMITTED AND DATED this 15th day of March,

6 2017.

7                                TERRELL MARSHALL LAW GROUP PLLC

8

9                     By:  /s/ Beth E. Terrell, SBN #178181

10                        Beth E. Terrell, SBN #178181
                       Email:  bterrell@terrellmarshall.com

11                        936 North 34th Street, Suite 300
                       Seattle, Washington 98103

12                        Telephone:  (206) 816-6603

13                        Facsimile: (206) 319-5450

14                        Todd M. Friedman, SBN #216752

15                        Email: tfriedman@attorneysforconsumers.com
                       Suren N. Weerasuriya, SBN #278521

16                        Email: sweerasuriya@attorneysforconsumers.com

17                        Adrian R. Bacon, SBN #280332
                       Email: abacon@attorneysforconsumers.com

18                        LAW OFFICES OF TODD M.

19                         FRIEDMAN, P.C.

20                        324 South Beverly Drive, Suite 25
                       Beverly Hills, California 90212

21                        Telephone:  (877) 206-4741

22                        Facsimile:  (866) 633-0228

23

24

25

26

27

28

1                         Abbas Kazerounian, SBN #249203
2                         Email: ak@kazlg.com
3                         Matthew M. Loker, SBN #279939
4                         Email: ml@kazlg.com
                          Jason A. Ibey, SBN #284607
5                         Email: jason@kazlg.com
6                         KAZEROUNI LAW GROUP, APC
                          245 Fischer Avenue, Unit D1
7                         Costa Mesa, California 92626
8                         Telephone: (800) 400-6808
                          Facsimile: (800) 520-5523
9

10                        Joshua B. Swigart, SBN #225557
                          Email: josh@westcoastlitigation.com
11                       HYDE & SWIGART
12                       2221 Camino Del Rio South, Suite 101
                          San Diego, California 92108
13                       Telephone: (619) 233-7770
14                       Facsimile: (619) 297-1022
15

16                        Alexander H. Burke, *Pro Hac Vice Forthcoming*
                          Email: aburke@burkelawllc.com
17                       Daniel J. Marovitch, *Pro Hac Vice Forthcoming*
18                       Email: dmarovitch@burkelawllc.com
                          BURKE LAW OFFICES, LLC
19                       155 North Michigan Avenue, Suite 9020
20                       Chicago, Illinois 60601
                          Telephone: (312) 729-5288
21                       Facsimile: (312) 729-5289
22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Matthew R. Mendelsohn, *Pro Hac Vice*
  *Forthcoming*
Email:  mmendelsohn@mskf.net
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07076
Telephone:  (973) 228-9898
Facsimile:  (973) 228-0303

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on March 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Julia B. Strickland, SBN #83013
Email: jstrickland@stroock.com
Shannon E. Dudic, SBN #261135
Email: sdudic@stroock.com
Arjun P. Rao, SBN #265347
Email: arao@stroock.com
Bryan J. Weintrop, SBN #307416
Email: bweintrop@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959

*Attorneys for Defendant HSBC Bank USA, National Association*

DATED this 15th day of March, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, CSB 178181
    Beth E. Terrell, CSB #178181
    Email: bterrell@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

*Attorneys for Plaintiffs*