# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Granting in Part and Denying in Part Plaintiffs' Motions to Compel HSBC's and PHH's Responses to Discovery [85, 86, 90, 91]

## I.
## INTRODUCTION

On August 25, 2017, plaintiffs filed motions to compel defendants HSBC Bank USA and PHH Mortgage Corporation to provide further responses to a total of seventeen discovery requests. Docket nos. 85, 86. The motions were supported by joint stipulations in support of and in opposition to the motions (docket no. 85-1 ("HSBC JS"); docket no. 86-1 ("PHH JS")), along with attached exhibits. Plaintiffs subsequently re-noticed the motions for hearing on September 19, 2017. Docket nos. 90, 91. The parties filed supplemental memoranda in support of and in opposition to the motions on September 5, 2017. Docket nos. 95, 96, 97, 98.

In the motions to compel, plaintiffs seek an order compelling defendant PHH to produce all documents and information responsive to ten requests for production, and compelling defendant HSBC to produce all documents and information responsive to six requests for production and one interrogatory. Defendants have produced discovery related to the named plaintiffs' records but have withheld documents relating to class issues.

The motions came on for hearing on September 19, 2017. After considering the parties' written submissions and oral arguments, the court now grants in part and denies in part the motions to compel, as specified below and subject to further developments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

# II.
# BACKGROUND

Plaintiffs Saber Ahmed and John Monteleone bring this action on their own behalf and on behalf of each and all other persons similarly situated. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure. Defendant HSBC provides mortgage products and financial services to mortgage holders. Defendant PHH Mortgage acts as a servicer on some mortgage loans owned by HSBC. Plaintiffs claim defendants knowingly and/or willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A). In particular, plaintiffs claim defendants violated the TCPA by placing automated collection calls to the cellular telephone numbers of plaintiffs and other putative class members using an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice. Plaintiffs allege they did not consent to receive such calls, and that defendants failed to cease making the calls even after they were told not to.

After the parties' Rule 26(f) conference, plaintiffs served defendants with written discovery seeking information related to two proposed classes. One proposed class (the "Class") is defined as follows:

> All persons within the United States to whom (a) Defendant HSBC or a third party acting on Defendant HSBC's behalf (b) in an effort to collect payment on mortgages owned by Defendant HSBC, (c) placed calls (d) to their cellular telephone (e) through the use of any automatic telephone dialing system or an artificial or prerecorded voice (5) within the four years prior to the filing of this Complaint.

Plaintiffs also propose a subclass (the "Subclass"), which is defined as follows:

> All persons within the United States to whom: (a) Defendant PHH Mortgage, (b) in an effort to collect payment on mortgages owned by Defendant HSBC, (c) placed calls (d) to their cellular telephone numbers (e) through the use of any automatic telephone dialing system or an artificial or prerecorded voice (f) within the four years prior to the filing of this Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

On August 2, 2017, defendants filed a Motion to Strike Class Allegations. The Motion was taken under submission on August 28, 2017.

## III.
## LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013). "For a named plaintiff to obtain class certification, the court must find: (1) numerosity of plaintiffs; (2) common questions of law or fact predominate; (3) the named plaintiff's claims and defenses are typical; and (4) the named plaintiff can adequately protect the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing Fed. R. Civ. P. 23(a)). Rule 23(b) provides for three types of class actions. Fed. R. Civ. P. 23(b). Plaintiffs here appear to seek to certify a Rule 23(b)(3) class, which would require plaintiffs to additionally show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court." *Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)). Courts generally recognize the need for pre-certification discovery relating to class issues. *See Vinole*, 571 F.3d at 942 ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.") (footnote omitted). In seeking pre-certification discovery, the plaintiff generally bears the burden to either make a prima facie showing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

that the Rule 23 class action requirements are satisfied, or to show "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). "[T]he need for discovery, the time required, and the probability of discovery providing necessary factual information" are also relevant factors "bearing on the correctness of the trial court's exercise of discretion." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citation omitted). Thus, discovery is likely warranted where it will help resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether there are grounds for a class or subclass. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

## IV.
## DISCUSSION

The parties' discovery disputes largely stem from one overarching dispute regarding whether plaintiffs are entitled to class-wide discovery beyond what pertains to the named plaintiffs. Plaintiffs seek documents providing information applicable to all members of the proposed class and subclass, and contend the propounded discovery requests are relevant to their class allegations. HSBC JS at 2-3, PHH JS at 2-3.

Defendants argue class-wide discovery is not warranted because plaintiffs cannot make a prima facie showing of Rule 23's requirements of commonality, typicality, and adequate representation. HSBC JS at 4, PHH JS at 4. Defendants further argue the court should not consider the joint submission until there is a ruling on the Motion to Strike Class Allegations. HSBC JS at 3-4, PHH JS at 3.

Defendant HSBC additionally argues it should not be compelled to respond to the requests because defendant PHH made the calls at issue, and PHH produced the instructions and policies that plaintiffs are seeking. HSBC JS at 5. Defendant PHH argues that LiveVox HCI, which was utilized to make calls to the two named plaintiffs, is not an ATDS, and defendants are not liable for calls from LiveVox. PHH JS at 4-5. Defendants further contend the discovery requests are irrelevant, not proportional to the needs of the case, overly broad, and unduly burdensome.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

### A. The Court Will Not Defer Ruling on the Instant Motions to Compel Until There Is a Ruling on the Motion to Strike Class Allegations

Although there is a pending Motion to Strike Class Allegations, the court will not wait to rule on the instant Motion to Compel. As plaintiffs point out, there is a discovery deadline of November 22, 2017. Certainly if the court grants the Motion to Strike, then this order's implementation will be affected, as discussed further below. But unless and until that occurs, the ruling herein will apply.

### B. Class Discovery Is Warranted

The Ninth Circuit has found "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Vinole*, 571 F.3d at 942 (quoting *Doninger*, 564 F.2d at 1313) (internal quotations omitted). "And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger*, 564 F.2d at 1313 (citations omitted).

As set forth above, the Ninth Circuit has held that a trial court abuses its discretion in refusing to permit class discovery where a plaintiff has either made a prima facie showing that the class action requirements of Rule 23 are satisfied, or has shown discovery is likely to substantiate the class allegations. *Mantolete*, 767 F.2d at 1424; *Doninger*, 564 F.2d at 1313 (upholding denial of class certification where class discovery not permitted because, inter alia, evidence showed "that regardless of the discovery that might have been undertaken" certain requirements of Rule 23 "could never be met"). But although it would be an abuse of discretion to deny class discovery where a plaintiff has made either showing, the Ninth Circuit has not held trial courts lack discretion to permit class discovery unless such a showing has been made. *See Kaminske v. JP Morgan Chase Bank N.A.*, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010) (upholding discretion of magistrate judge to require prima facie showing, but noting "there is nothing in *Doninger* and *Mantolete* that suggests that a prima facie showing is mandatory in all cases, and it may very well be the case that courts routinely do not require such a showing"). Nonetheless, in light of defendants' arguments here, the court looks at the *Mantolete* factors to determine whether allowing the class-wide discovery plaintiffs seek would be a futile waste of resources as defendants contend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

Plaintiffs argue the discovery sought goes directly to plaintiff's ability to certify the case as a class action, specifically to determine class membership, numerosity, commonality, typicality, and to show common issues predominate. PHH JS at 2; HSBC JS at 2. In particular, plaintiffs point to their requests for class-wide call and consent data, and for defendants' policies and instructions on issues like consent, as seeking evidence they need for class certification. The court finds such discovery, if it proves to be what plaintiffs expect, is likely to substantiate their class allegations.

Defendants counter that, regardless of the discovery obtained, plaintiffs cannot make a prima facie showing they can meet Rule 23's class requirements. PHH JS at 4-5; HSBC JS at 4-5. Defendant PHH argues that plaintiffs cannot show commonality and typicality is demonstrated by the differences between the two named plaintiffs' allegations – plaintiff Monteleone alleges he revoked any consent he may have given, while plaintiff Ahmed alleges he never consented to any calls. PHH JS at 4. PHH also cites other TCPA cases in which class certification was denied because consent and revocation were found to be individualized issues. *Id.* at 3. Defendant HSBC concurs in PHH's arguments, and additionally argues plaintiffs have no standing to maintain a class action against HSBC because HSBC did not make the calls to plaintiffs. HSBC JS at 4. Plaintiffs dispute there are individualized issues that will prevent class certification, and cite a TCPA case in which a class was recently certified. P. Supp. Mem. re PHH Mtn. at 2-3.

The Magistrate Judge will not here decide whether class certification is possible in this case; that is a matter for the District Judge to decide. For purposes of this motion, the court finds plaintiffs have made at least a minimal showing there are class-wide issues that warrant allowing plaintiffs the opportunity to pursue reasonable class-wide discovery that may substantiate their allegations and illuminate the class-wide issues. Nevertheless, the court considers defendants' arguments regarding the likelihood of class certification below in evaluating the propriety and proportionality of the particular requests at issue.

## C.     Protections Due to Private and Proprietary Information

Before reaching the specific requests, the court also considers defendants' objections that certain of the requests seek information that would infringe on the putative class members' right to privacy, and that certain requests also seek defendants' proprietary information. In particular, among the call and consent data of the putative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

class members is private identifying information, such as their names and social security numbers; private financial information, including information regarding their income, assets, tax history, and credit history; and even medical information where persons submitted their medical records to support their claims involving hardship due to illness. In addition, defendants' policies and procedures contain propriety information they do not want publicly disclosed.

There is no question that putative class members have a reasonable expectation of privacy in their identification, financial, and medical information. "But the protection which is afforded to privacy claims is a qualified protection, rather than an absolute one." *Alvarez v. Hyatt Regency Long Beach*, 2010 WL 9505289, at *2 (C.D. Cal. Sept. 21, 2010) (citing *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958, 967, 87 Cal. Rptr. 3d 400 (2008)). To determine if an invasion of that privacy is justified "the court must balance that right of privacy against the need for discovery." *Id*. (citing *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 370, 53 Cal. Rptr. 3d 513, 150 P.3d 198 (2007)).

Plaintiffs have no need for putative class members' medical information, and plaintiffs state they do not want such information. Likewise, much of the financial information that may be contained within the call data is irrelevant. As discussed below, the parties will need to determine how the relevant data plaintiffs seek may be produced without also producing medical information, tax records, and other gratuitous financial information not needed to interpret the data pertaining to the issues in this case.

Provided such information may be withheld, however, the court finds plaintiffs' need for information regarding calls made to putative class members, and consent given, withheld, or withdrawn by putative class members, outweighs the putative class members' right to privacy in such information. Further, because there is a protective order in place, such information should not be publicly disseminated. The same is true for defendants' proprietary information. Although defendants express concern that the protective order will be insufficient to guarantee such information is not disseminated, defendants have made no showing the risks in this case are any greater than in any other case where protective orders routinely serve their purpose.

Accordingly, the court finds defendants' privacy concerns should not prevent the discovery plaintiffs seek, but the court will consider these concerns with respect to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

particular requests discussed below.

### D.     Particular Requests to HSBC

As discussed above, defendant HSBC argues the information called for by the seven HSBC requests at issue here is irrelevant because HSBC did not itself make the calls to the named plaintiffs, and plaintiffs therefor lack standing to assert claims based on any calls HSBC may have made.  As also discussed above, the court will not here decide the standing issue, which is raised in the Motion to Strike Class Allegations and goes to the definition of any class that may be certified.  Nonetheless, the court does consider defendant's argument in this regard in evaluating the proportionality of the requests.

####      1.     RFP Nos. 6 and 34, and Interrogatory No. 14

Request for Production ("RFP") number 6 to HSBC seeks production of all documents relating or regarding HSBC's policies and procedures in using an ATDS.  RFP number 34 seeks production of policies and/or practice manuals regarding the use of telephones by HSBC's solicitation or telemarketing department.  Interrogatory number 14 seeks all policies and procedures for calls related to the use of an ATDS in contacting customers.  Each request is for the four years prior to the filing of this action.

Whether any certified class will be defined to include persons called by HSBC itself is unknown, but at this point it is a possibility, making these requests relevant.  Moreover, even if calls made by HSBC are ultimately excluded, that does not necessarily mean HSBC's own policies and procedures regarding calls and use of an ATDS are irrelevant, particularly if those extended to or influenced HSBC's requirements for PHH or other third parties that serviced its loans, or reflect HSBC's knowledge of PHH's practices.  HSBC does not identify any particular burden in producing documents, manuals, and other information reflecting its policies and procedures.  As such, the court finds these requests both relevant to plaintiffs' claims and proportional to the needs of the case, and will compel defendant HSBC to respond to them in full.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

### 2. <u>RFP Nos. 21 and 23</u>

RFP number 21 seeks production of documents relating to instructions given to HSBC employees regarding how to document a request to stop contacting a consumer. RFP number 23 seeks production of documents relating to instructions given to HSBC employees on how to document an individual's consent to ATDS contact.

For much the same reasons the court found the requests discussed above to be relevant and proportional, the court finds the same as to RFP numbers 21 and 23. These requests are relevant if a class is certified including persons called by HSBC employees, and are also relevant to whether such a class may be certified. They are also potentially relevant if HSBC's instructions to its own employees carried over to PHH or other third parties. Although the requests may sweep in some information not strictly relevant to the TCPA, since they pertain only to instructions on how to document consents and requests to stop contact, they are reasonably tailored. Again, HSBC identifies no particular burden in producing such instructions. Accordingly, the court will compel defendant HSBC to respond to them in full.

### 3. <u>RFP Nos. 14 and 16</u>

RFP number 14 seeks documents HSBC used to determine whether cellular telephone numbers HSBC called had provided prior express consent before any call attempts, including "electronic notations in the outbound dial lists" that the party provided consent, and including documents that HSBC relies on at any hearings in this case to establish consent. RFP number 16 seeks documents relating to and including all reports in electronically searchable format of autodialer callers made by HSBC, its employees, agents or independent contractors, or other persons or entities on HSBC's behalf to cellular telephones HSBC called in servicing accounts for HSBC.

Defendant HSBC again raises its standing argument with respect to these requests, but here it carries more force. RFP numbers 14 and 16 seek individual records of calls made by HSBC, and individual records used by HSBC to determine whether consent had been given. HSBC argues production of documents responsive to RFP number 14 would be highly burdensome, citing the Declaration of Sheri Robinson to contend it would take 4-16 just to determine whether a customer provided consent. *See* HSBC JS at 13, Ex. 3 (Robinson Decl.). The Robinson Declaration only concerns PHH's records, which may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

be called for by RFP number 14, but nothing in the record reflects the burden HSBC would face in producing its own consent records. Likewise, nothing in the record indicates what burden would be involved in producing electronically stored data in response to RFP number 16, although at the hearing defense counsel suggested there may be some burden in needing to review records for sensitive information prior to production. It is clear, however, that the records that would be produced in response to these two requests would be voluminous.

In light of the serious standing question raised by defendant, which also calls the relevance of these requests into doubt, the court finds that to require HSBC to produce all documents responsive to these requests at this time would be disproportionate to the needs of the case. Accordingly, the court will not now compel HSBC to respond to these requests, with one exception. RFP number 14 includes documents HSBC will rely on at trial or any other hearing to prove consent. In fairness and as required by Rule 26, HSBC must produce any such documents. *See, e.g.*, Fed. R. Civ. P. 26(a)(1)(A)(ii).

Moreover, the court denies plaintiffs' request to compel the remaining responsive documents without prejudice to plaintiffs renewing their argument for these documents later based on changed circumstances or information. Such changed circumstances could include a ruling by the court rejecting defendant's standing argument. Further, if through depositions or other discovery plaintiffs learn more about HSBC's records and determine HSBC may be able to produce some or all of the information sought with these requests in a way that is not burdensome, plaintiffs may renew or modify their request to the court to compel production. But for now, the court will not compel further responses, except with respect to responsive documents defendant intends to use at trial or at any other proceeding.

### E.  Particular Requests to PHH

Defendant PHH does not, of course, object that plaintiffs lack standing to assert their claims against PHH, but PHH argues it should not be compelled to respond to any of the ten PHH requests at issue here because the class allegations should be stricken. Again, as discussed above, the court here considers this case to be a putative class action and will permit class discovery, but considers defendant's arguments in evaluating the proportionality of the requests

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

### 1. <u>RFP Nos. 22, 23, 25, and 45</u>

RFP number 22 seeks documents or ESI evidencing policies related to making debt collection calls for purposes of collecting HSBC debt, and a timeline indicating periods when such policies were in effect. RFP number 23 seeks documents or ESI relating to the actual, alleged, or possible failure of PHH's third parties or vendors to comply with agreements or instructions imposed by PHH regarding making calls to collect HSBC debt. RFP number 25 seeks documents and communications relating to PHH's actual, alleged, or possible failure to comply with its own policies regarding making calls to collect HSBC debt, including any failure to honor do-not-call requests. RFP number 45 seeks documents or ESI relating to policies to ensure compliance with a person's request to PHH, HSBC, or any third party or vendor to stop making HSBC debt collection calls to them or to place them on PHH's internal do not call list.

Beyond their general argument that plaintiffs should not be permitted to obtain information going to their class claims, defendant contends these requests are overbroad in at least two ways. First, PHH argues requests for debt collection information generally go beyond the conduct at issue under the TCPA. Plaintiffs maintain they simply seek debt collection information regarding outgoing calls and consent. The court find the requests do not call for debt collection policies and practices apart from calls and consent, but the request should be further narrowed to concern only automated calls. Second, PHH argues RFP number 23 goes beyond calls made by PHH and therefore beyond what is properly at issue here. The court disagrees; the instructions given by PHH to its vendors, and their compliance therewith, are relevant to plaintiffs' claims against PHH. Accordingly, the court will compel defendant PHH to respond to these requests, but with all these requests narrowed to require production of policies and failures related to making automated debt collection calls.

### 2. <u>RFP Nos. 34 and 35</u>

RFP number 34 seeks copies of all communication between PHH and HSBC that relate to making debt collection calls to collect HSBC debt. RFP number 35 seeks all communication between PHH and any third party or vendor that relate to making debt collection calls to collect HSBC debt.

Defendant PHH argues these requests are overbroad for the same reasons discussed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

with the prior requests. Defendant further contends responding to these requests would be unduly burdensome due to the volume of communications defendant would need to review for privilege and other issues. Defendant contends RFP number 35 is particularly disproportionate and unduly burdensome because PHH uses LiveVox to make debt collection calls, which means the request seeks essentially every communication between the PHH and LiveVox since PHH started servicing HSBC loans.

That every communication may be called for does not necessarily make the requests disproportionate. But the court recognizes the burden that these requests impose on PHH, and will not require it to produce irrelevant documents. The court does find, however, that communications between PHH and HSBC, and between PHH and LiveVox or other vendors, are plainly relevant, and it is not disproportionate to require PHH to produce such communications, provided that they pertain to the TCPA issues in this case. The court therefore will compel PHH to respond to these requests, but with the requests narrowed to require production of only those communications that relate to making automated debt collection calls. To the extent defendant withholds documents on the basis of an asserted privilege, defendant must produce a privilege log of such documents, as it must for documents withheld based on privilege in response to any request.

### 3. RFP No. 38

RFP number 38 seeks complaints made to PHH about debt collection calls from PHH, HSBC, or any vendor, which includes but is not limited to databases of the complaints, content of complaints, and other information of persons known to have made complaints. The request specifically includes complaints made directly to PHH or that PHH was notified about in any way, including by mail, email, telephone, online forms, social media, or through government or other agencies.

Defendant PHH makes many of the same objections to this request as being overbroad and unduly burdensome. Defendant notes it has already provided the named plaintiffs their loan files and call logs, including any complaints they personally made; but again, the court will not deny plaintiffs class discovery. The court will, however, narrow this request to only complaints about automated debt collections calls. Further, because the burden to PHH in having to search multiple sources is disproportionate, the court will require only that: (1) PHH search any location in which it collected complaints made; and (2) PHH conduct appropriate keyword searches of all of its electronically

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

stored records and databases for any such complaints.

### 4. RFP No. 39

RFP number 39 seeks documents or ESI relating to requests by any person that PHH or any third party or vendor stop making calls promoting PHH goods or services to them. The court agrees with defendant that the request is irrelevant because plaintiffs do not allege PHH made calls promoting its goods or services. Consequently, the court will not compel PHH to respond to this request.

### 5. RFP Nos. 13 and 21

RFP number 13 seeks documents or ESI related to PHH records of any debt collection calls made by PHH or on PHH's behalf to collect HSBC debt. This includes identifying information for the people to whom calls were intended to be made. RFP number 21 seeks documents or ESI demonstrating that any person gave prior express consent to receive debt collection calls on their cellular telephones.

Like HSBC RFP numbers 14 and 16, PHH RFP numbers 13 and 21 seek individual records of calls made by PHH and its vendors, and individual records of consent. PHH argues production of documents responsive to RFP numbers 13 and 21 would be highly burdensome, again citing the Declaration of Sheri Robinson to contend it would take 4-16 hours just to review each loan file. *See* PHH JS at 13, 22-23, Ex. 3 (Robinson Decl.). Plaintiffs respond that they are not asking PHH to conduct such a review. Instead, they are asking PHH to produce searchable electronic data. Defendant disputes that this is possible, but the Robinson Declaration does not really address the matter. The Robinson Declaration does state PHH has no ability to conduct an electronic search for consent and maintains no separate list showing which customers have given consent, yet it also states it uses LiveVox Quick Connect for customers who have consented to receive ATDS calls. Robinson Decl. ¶¶ 11, 17. This appears inconsistent, making PHH's claim it has no ready way to determine which customers gave consent, even though it treats those customers differently, appear incredible.

The court finds PHH should be compelled to produce searchable electronically stored data in response to these requests so that plaintiff may conduct appropriate searches; however, to require PHH to simply turn over its entire database would be both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

impracticable and inappropriate, particularly because it would include sensitive tax and medical information regarding customers that plaintiffs do not need. Although plaintiffs argue this is a matter that could be resolved between the IT or ESI liaisons for each side, the court is hesitant to simply order that PHH produce searchable data sufficient for plaintiffs' needs when defendant maintains that is impossible.

Accordingly, the court orders that PHH must immediately make available for deposition by plaintiffs the person or persons most knowledgeable regarding PHH's and its vendors' ESI concerning call records and consents. In particular, the deponent(s) must be able to speak to how such data may be exported in a searchable format, and whether only certain portions or fields may be exported so that especially sensitive information is protected. The court's intention is that PHH will be ordered to produce electronically searchable data sufficient to permit plaintiffs to determine the information specified in RFP number 13 for each automated debt collection call made by PHH or on its behalf, and sufficient to permit plaintiffs to retrieve the records demonstrating any person gave consent to receive automated debt collection calls as sought in RFP number 21. If that proves impossible, the court will discuss other and potentially more burdensome options for PHH to provide plaintiffs with the responsive information it reasonably needs to prosecute this case and pursue class certification.

Following the deposition(s), the parties must promptly meet and confer to try to reach agreement on the production of data consistent with what the court has stated herein, and on a date for such production. If they are unable to reach agreement, they shall contact the Magistrate Judge's Courtroom Deputy Clerk to schedule a telephonic conference to discuss resolution of the dispute.

## V.
## CONCLUSION

For the foregoing reasons, plaintiffs' motions to compel (docket nos. 85, 86) are GRANTED IN PART AND DENIED IN PART as stated above and as follows:

1. On or before October 16, 2017, or by such other date as the parties may agree, defendant HSBC shall respond – with verified supplemental written responses, production of all responsive documents and information, and production of any privilege log – to RFP numbers 6, 21, 23, and 34 in full, to Interrogatory number 14 in full, and to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2057-FMO (SPx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al. | | |

RFP number 14 to the extent it calls for documents HSBC will rely on at trial or in any other hearing to prove consent.

     2.    Plaintiffs' motion to compel HSBC is in all other respects denied, but without prejudice to plaintiffs renewing their request for additional documents or information responsive to RFP numbers 14 and 16, as discussed above.

     3.    On or before October 16, 2017, or by such other date as the parties may agree, defendant PHH shall respond – with verified supplemental written responses, production of all responsive documents and information, and production of any privilege log – to RFP numbers 22, 23, 25, 34, 35, 38, and 45 as narrowed above.

     4.    Plaintiffs' motion to compel PHH to respond to RFP number 39 is denied.

     5.    Plaintiffs' motion to compel PHH to respond to RFP numbers 13 and 21 is granted as described above, but PHH's responses to these requests shall not be required until after the depositions described above.

     6.    Should the court rule on the Motion to Strike Class Allegations before defendants have fully complied with this order, and should any party believe the court's ruling on that motion affects the applicability of any aspect of the court's ruling herein, the parties shall promptly meet and confer in an effort to reach agreement on how the order affects this ruling. If they are unable to reach agreement, they may contact the Magistrate Judge's Courtroom Deputy Clerk to schedule a telephonic conference to discuss resolution of the dispute.

     7.    Should the parties encounter any difficulties or disputes in complying with this order, they may contact the Magistrate Judge's Courtroom Deputy Clerk to schedule a telephonic conference to discuss resolution of the dispute. They may do the same with respect to any other discovery disputes that arise in this case.