Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiffs*

[Additional counsel appearing on signature page]

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABER AHMED and JOHN MONTELEONE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, and PHH MORTGAGE CORPORATION,<br><br>Defendants. | CASE NO.: 5:15-cv-02057-FMO-SPx<br>[CLASS ACTION]<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR REVIEW AND RECONSIDERATION OF DISCOVERY ORDER**<br><br>Date: November 16, 2017<br>Time: 10:00 am<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin |

_____

**TABLE OF CONTENTS**

| | |
|---|---|
| I. **INTRODUCTION** | 1 |
| II. **RELEVANT FACTS AND PROCEEDINGS** | 1 |
| III. **ARGUMENT AND AUTHORITY** | 2 |
|     A. **Legal Standard** | 2 |
|     B. **The Magistrate Judge's Order Compelling Class Wide Discovery Properly Considered and Applied Rule 26's Proportionality Standard** | 3 |
|     C. **The Magistrate Properly Declined to Rule on Defendants' Dispositive Motion to Strike Class Allegations** | 6 |
|     D. **The Magistrate Properly Declined to Decide the Issue of Standing** | 7 |
| IV. **CONCLUSION** | 9 |

# TABLE OF AUTHORITIES

**Cases**

*Campbell-Ewald v. Gomez*, 136 S. Ct. 663 (2016) .................................................... 7

*Charvat v. Plymouth Rock Energy, LLC*, 2016 WL 207677 (E.D.N.Y. Jan. 12, 2016) ............................................................................................................................ 4

*Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010) ............. 2

*Desmond v. Citimortgage, Inc.*, 2015 WL 845571 (S.D. Fla. Feb. 25, 2015) .......... 6

*Doherty v. Comenity Capital Bank & Comenity Bank*, 2017 WL 1885677, at *7 (S.D. Cal. May 9, 2017) ................................................................................... 5, 6

*F.D.I.C. v. Fidelity & Deposit Company of Maryland*, 196 F.R.D. 375 (S.D. Cal. 2000) ........................................................................................................................ 2

*Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006) .................................... 3

*Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236 (9th Cir. 1991) ................ 3

*Mora v. Zeta Interactive Corp.*, 2017 WL 1187710 (E.D. Cal. Feb. 10, 2017) .... 5, 8

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009) .................. 3

*W. Ins. Co. v. Rottman*, 2017 WL 568301 (D. Utah Feb. 13, 2017) ........................ 4

*Wolpin v. Philip Morris, Inc.*, 189 F.R.D. 418 (C.D. Cal. 1999) ............................. 2

**Statutes**

28 U.S.C. § 636(b)(1)(A) .................................................................................... 2, 6

**Rules**

Fed. R. Civ. P. 1 ........................................................................................................ 6

-ii-
OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Fed. R. Civ. P. 23 .......................................................................................................... 6

Fed. R. Civ. P. 26 ..................................................................................................... 3, 7

Fed. R. Civ. P. 72 .......................................................................................................... 2

**Regulations**

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559 (Dec. 28, 2007) ................................................................. 7, 8

*In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (2013) ................................................................................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants HSBC BANK USA, NATIONAL ASSOCIATION'S and PHH MORTGAGE CORPORATION'S ("Defendants") Motion for Reconsideration of the Honorable Judge Pym's Discovery Order compelling in part and denying in part Plaintiffs Saber Ahmed and John Monteleone's ("Plaintiffs") Motion to Compel should be denied because Defendants have not shown (and cannot show) that Judge Pym's Discovery Order is clearly erroneous or contrary to law.

## II. RELEVANT FACTS AND PROCEEDINGS

When the parties held their Rule 26(f) conference and in the subsequent two joint reports submitted thereafter, Plaintiffs opposed Defendants' requested limitations on discovery, which "effectively seek to bifurcate discovery." Dkt. No. 60 at 7. This Court specifically considered, but declined, to bifurcate discovery. *See* Dkt. No. 65 at 2:13 ("The court does not bifurcate discovery."). The Court also established clear deadlines in March and April 2018 for the parties to submit a joint brief regarding class certification issues. *See* Dkt. No. 67.

Following the meet and confer process on the discovery disputes, Plaintiffs filed their Motions to Compel Responses to Discovery on August 25, 2017. Dkt. 85 & 86. In their portions including their introductory statements, Defendants argued that (1) no ruling should be made until there was a ruling on the Motion to Strike, (2) HSBC did not make any calls to Plaintiffs such that Plaintiffs have no standing, and (3) Plaintiffs' discovery requests were not proportional. *See* Dkt. 85-1 & 86-1. In the Discovery Order and at the hearing itself, Judge Pym addressed each of these arguments, explaining that it was not her role to "decide whether class certification is possible" or to defer ruling until the Motion to Strike had been

decided,[1] and that Plaintiffs are entitled to Class Discovery. Dkt. 101 ("Discovery Order") at pp. 5-6; Dkt. 106-4 at 72:15-73:15.[2]

Judge Pym also specifically addressed and rejected Defendants' arguments that the "burdensomeness" of class wide production was not proportional to the needs of the case under Rule 26, and that Plaintiffs had not made a prima facie showing they could meet Rule 23's requirements. Dkt. 106-4 at 88:17-22, 94:25-95:7, 101:6-11; Discovery Order at 6.

### III. ARGUMENT AND AUTHORITY

#### A. Legal Standard

A magistrate judge has authority to hear matters that are not dispositive of a claim or defense. *See* Fed. R. Civ. P. 72. These include hearing and deciding motions to compel the production of documents. *See Wolpin v. Philip Morris, Inc.*, 189 F.R.D. 418 (C.D. Cal. 1999) (reviewing a magistrate judge's order granting a motion to compel). A magistrate judge's order on a nondispositive motion can be reversed by the district court only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters," such as those at issue here. *F.D.I.C. v. Fidelity & Deposit Company of Maryland,* 196 F.R.D. 375, 378 (S.D. Cal. 2000). The "clearly erroneous" standard is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993)). Absent such firm conviction, the district court shall not "simply substitute its judgment for that of the

---

[1] Indeed, by the hearing date on the motions to compel, this Court had taken Defendants' Motion to Strike off of the calendar. *See* Dkt. No. 87.

[deciding judge]." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).[3]

### B. The Magistrate Judge's Order Compelling Class Wide Discovery Properly Considered and Applied Rule 26's Proportionality Standard

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

Defendants seem to argue – without citation to authority – that there exists some controlling rule of law that holds it is clearly erroneous to permit class merits discovery before a class has been certified. Defendants are wrong. Judge Pym correctly analyzed the law on this point on page 5-6 of the report and recommendation, and found that the discovery sought was relevant to disputed facts relating directly to class certification, and that production of such would "illuminate the class-wide issues" so that the Court may decide class certification on a full record. Discovery Order at pp. 5-6.

The Magistrate Judge's decision that discovery bearing upon class certification issues is appropriate rested on *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Discovery Order at pp. 4-5. None of the flurry of Defendants' recent submissions bother to cite or distinguish *Vinole*, and none of the cases Defendants *do* cite overrule *Vinole*. Regardless of whether the materials that the Magistrate Judge compelled relate to the merits[4] of the case, they were

---

[3] Although Defendants appear to apply the "clearly erroneous" and "contrary to law" standards interchangeably, the magistrate judge did not decide any issues of law. Therefore, only the "clearly erroneous" standard applies.

[4] Defendants do not attempt to explain what they mean when they reference

-3-

expressly found to bear upon class certification.

Not only this, but Judge Pym also balanced Defendants' proffered burden[5] of class wide production against the likely benefits to be secured and found that production was proper. The Magistrate Judge's careful consideration of competing interests was not clearly erroneous or contrary to law. *See W. Ins. Co. v. Rottman*, No. 2:13-CV-436-DAK, 2017 WL 568301, at *2 (D. Utah Feb. 13, 2017) (denying motion to overturn discovery order compelling production where magistrate considered categories of discovery under the relevancy and proportionality standards). Defendants argue that the Magistrate Judge ordered class wide discovery absent a *prima facie* showing that the discovery is necessary and proportional. Dkt. 106 at 16. Defendants' argument is patently untrue. The Magistrate Judge appropriately weighed and considered whether discovery was relevant to class certification and proportional as the legal standard requires, and found that the materials – on balance – should be produced. Discovery Order at pp. 5-6.

Defendants also object that the Magistrate Judge failed to distinguish between class certification discovery and merits discovery. Dkt. No. 106 at 14. This argument also fails. In ordering that there will be no bifurcation, this Court decided the issue of whether there would be phased class and merits discovery. Dkt. No. 65. The issue of whether to bifurcate discovery was never before Judge Pym, and had already been determined by this Court. Thus, any decision by the Magistrate Judge to bifurcate discovery would have been at direct odds with this Court's scheduling order, which expressly declined to bifurcate discovery. In any event, Judge Pym's Discovery Order is in line with other courts that have held that the types of requests Plaintiffs issued are "relevant to both the class and individual claims" in TCPA cases. *Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate discovery,

---

"merits" versus "class certification" discovery.
[5] HSBC proffered no evidence of its own burden, instead submitting a declaration from PHH of *its* burden.

where class wide discovery over policies, contracts, practices and procedures, and complaints were relevant and proportional to the case); *Mora v. Zeta Interactive Corp.*, No. 116CV00198DADSAB, 2017 WL 1187710, at *6 (E.D. Cal. Feb. 10, 2017) (finding plaintiff's request for defendants' call logs was relevant and proportional to the needs of plaintiff's TCPA case); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *7 (S.D. Cal. May 9, 2017) (compelling defendants to produce consent data if defendants intend to assert and rely upon such defense).

Judge Pym was correct: the consent data that was compelled *does* relate to class certification. Defendants will argue on class certification (as they do here) that there exists no way to determine whether any particular consumer consented to receiving their automated calls without an overly-burdensome individualized inquiry. Plaintiffs dispute this, and have offered to engage in the consent inquiry themselves, in order to rebut Defendants' assertion.[6] Additionally, Plaintiffs recently learned that – perhaps contrary to the Robinson declaration – PHH can in fact extract whatever fields it wants from its database, on a "batch" basis for all HSBC loans serviced by PHH. Declaration of Todd M. Friedman, Ex. A at pp. 76-78. Once the fields that relate to consent (if any)[7] have been extracted, Plaintiffs and Plaintiffs' expert will systematically cull the data to determine which of the millions of calls Defendants made were non-consensual.

Plaintiffs argued, and Judge Pym agreed, that Plaintiffs' "requests for class-wide call and consent data, and for defendants' policies and instructions on issues like consent," go "directly to plaintiff's ability to certify the case as a class action, specifically to determine class membership, numerosity, commonality, typicality,

---

[6] The magistrate also found that Defendants' assertions as to whether they have consent data were contradictory, which also formed part of the balance.

[7] It remains to be discovered whether Defendants took any measures at all to prevent nonconsensual calls from being made in the first place before 2017, and if they did, how.

and to show common issues predominate." Discovery Order at p. 6. Thus, the Magistrate Judge's finding that this discovery "is likely to substantiate their class allegations" and that Plaintiffs made a *prima facie* showing under Fed. R. Civ. P. 23[8] should be upheld.

### C. The Magistrate Properly Declined to Rule on Defendants' Dispositive Motion to Strike Class Allegations

28 U.S.C. § 636(b)(1)(A) provides that a magistrate judge may hear and determine "any pretrial matter pending before the court, **except** ... to dismiss or to permit maintenance of a class action." (emphasis added). A motion to strike class allegations "is analytically akin to a motion to permit maintenance of a class action, which is in the category of excepted matters." *Desmond v. Citimortgage, Inc.*, No. 1:12-CV-23088, 2015 WL 845571, at *3 (S.D. Fla. Feb. 25, 2015). "[W]here a motion to strike is actually requesting what equates to case-dispositive relief, it is, in essence, a dismissal application that is beyond the magistrate judge's power to determine." *Id.*

Defendants argue that it was clear error for the Magistrate Judge to compel class wide discovery because Defendants have moved to strike the class allegations. Specifically, Defendants argue that this Court's scheduling order "contravenes the requirements of the Federal Rules" (Scheduling Order at p. 10), and that the Magistrate Judge should have ignored this Court's scheduling order during the pendency of the motion to strike. The only authority Defendants rely on is Rule 1, which requires that the Federal Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Though

---

[8] "Defendants essentially seek to litigate Rule 23 class certification prematurely." *Doherty*, 2017 WL 1885677, at *4. Defendants' Rule 23 arguments "are premature given that discovery is still ongoing and no motion for class certification has yet been filed." *Id.*

-6-
OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants focus only on the expense of production, the Magistrate Judge appropriately weighed the competing interests of Rule 26 to determine that Plaintiffs' requests were necessary and proportional. Such analysis is precisely the "just" and "speedy" determination that the Rules contemplate.

Moreover, Defendants' motion to strike class allegations, seeking to strike "Plaintiffs' class allegations from the Amended Complaint with prejudice" (Dkt. No. 76-1) is a dispositive motion that is likely beyond the purview of the Magistrate Judge's authority. Not only was it proper for Judge Pym to refrain from ruling on the motion to strike class allegations, it very likely would have been clear error had Judge Pym made a contrary ruling.

### D. The Magistrate Properly Declined to Decide the Issue of Standing

A plaintiff has standing to bring TCPA claims against a creditor for the acts of its agent under a variety of legal theories, including direct and vicarious liability. *Campbell-Ewald v. Gomez*, 136 S. Ct. 663, 674 (2016) (citing *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (2013)). "[V]icarious liability principles reasonably advance the goals of the TCPA" by preventing individuals from avoiding liability simply by having an agent do the dirty work of physically placing the unlawful calls. *Dish Network*, 28 F.C.C. Rcd. at 6587. As early as 2008, the FCC recognized that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 565 (Dec. 28, 2007). Plaintiffs assert TCPA claims against HSBC based on these theories.

Despite clear legal authority permitting Plaintiffs' claims against HSBC, HSBC asserts that Plaintiffs lack standing to sue HSBC and that the Magistrate Judge's order compelling production in the face of such standing issue was

erroneous.[9]  In support of its argument, HSBC relies for the first time on *Mora v. Zeta Interactive Corp.*, No. 116CV00198DADSAB, 2017 WL 1187710, at *4 (E.D. Cal. Feb. 10, 2017).  There, the court used its discretion to decline a plaintiff's request that defendants produce call logs from every one of their subsidiaries, where the allegations in the complaint involved telemarketing by one specific entity (rather than debt collection), and the complaint did not assert vicarious liability.  *See* No. 116CV00198DADSAB (Dkt. No. 13, Amended Complaint).  The circumstances are vastly different here — a debt collection case — where HSBC faces direct liability as a creditor.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 565 (Dec. 28, 2007).  Accordingly, the Magistrate Judge appropriately used its discretion in declining to address standing as part of the Discovery Order.  *See* Discovery Order at p. 8 ("[T]he court will not here decide the standing issue, which is raised in the Motion to Strike Class Allegations and goes to the definition of any class that may be certified. Nonetheless, the court does consider defendant's argument in this regard in evaluating the proportionality of the requests.").

Moreover, Defendants revealed to Plaintiffs just last week that they unilaterally limited their discovery responses to exclude information concerning HSBC calls to Plaintiffs before May 2013.  If HSBC made calls in that timeframe, its standing proclamations and arguments will have been at best misleading.  Plaintiffs are in the process of requesting magistrate assistance on this point.

For all of these reasons, Defendants' motion should be denied.

---

[9] HSBC also claims that it is "undisputed" that HSBC did not make the calls because "there is no evidence that anyone other than PHH called the named plaintiffs." Dkt. No. 106 at pp. 12-13.  The reason that Plaintiffs have no evidence of calls made by HSBC is that HSBC has refused to produce evidence of calls made to Plaintiffs during the entire class period.  Plaintiffs have asked HSBC whether HSBC made calls other than those specified in the Amended Complaint, but HSBC has refused to answer the question.

## IV.  CONCLUSION

Defendants have not, and cannot, establish that the Magistrate Judge committed clear error in conjunction with the Discovery Order. Accordingly, Defendants' Motion for Review and Reconsideration should be summarily denied.

Dated: October 26, 2017    **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

                         BY:   /s/ Todd M. Friedman
                                    Todd M. Friedman, Esq.
                                    Adrian R. Bacon, Esq.
                                    Attorneys for Plaintiffs

Beth E. Terrell, SBN #178181
Email:  bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email:  jmurray@terrellmarshall.com
Adrienne D. McEntee, *Admitted Pro Hac Vice*
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Abbas Kazerounian, SBN #249203
Email:  ak@kazlg.com
Matthew M. Loker, SBN #279939
Email:  ml@kazlg.com
Jason A. Ibey, SBN #284607
Email:  jason@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Joshua B. Swigart, SBN #225557
Email:  josh@westcoastlitigation.com
HYDE & SWIGART
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Alexander H. Burke, *Admitted Pro Hac Vice*
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

Matthew R. Mendelsohn
Email: mmendelsohn@mskf.net
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07076
Telephone: (973) 228-9898
Facsimile: (973) 228-0303

# CERTIFICATE OF SERVICE

Filed electronically on this 26th Day of October, 2017, with:

United States District Court CM/ECF system

Notification sent electronically on this 26th Day of October, 2017, to:

Honorable Judge Fernando M. Olguin
United States District Court
Central District of California

And all Counsel of Record as recorded on the Electronic Service List.

s/Todd M. Friedman
Todd M. Friedman, Esq.