# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **ED CV 15-2057 FMO (SPx)** | Date | **November 6, 2017** |
|---|---|---|---|
| Title | **Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiffs: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**       **(In Chambers) Order Re: Motions to Strike**

Having reviewed all the briefing filed with respect to plaintiffs' Motions to Strike Affirmative Defenses (Dkts. 57 & 58, "Motions"), the court finds that oral argument is not necessary to resolve the Motions, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.[1]

## BACKGROUND

On October 6, 2015, plaintiff Saber Ahmed ("Ahmed") filed a Complaint, individually and on behalf of all others similarly situated, against defendant HSBC Mortgage Corporation (USA)[2] ("HSBC") alleging violations of the Telephone Consumer Protection Act ("TCPA"),  47 U.S.C. § 227 et seq.  (See Dkt. 1, Complaint at ¶¶ 23-30).  On March 15, 2017, Ahmed and plaintiff John Monteleone (collectively, "plaintiffs") filed a First Amended Complaint ("FAC") against HSBC and defendant PHH Mortgage Corporation ("PHH" and collectively, "defendants"), for negligent and willful violations of the TCPA.  (See Dkt. 27, FAC at ¶¶ 65-73).  HSBC and PHH filed separate Answers to the FAC each asserting 23 affirmative defenses.  (See Dkt. 45, Answer of Defendant HSBC Mortgage Corporation [] ("HSBC's Answer") at 28-32; Dkt. 46, Answer of PHH Mortgage Corporation [] ("PHH's Answer") at 28-32) (collectively, "Answers").

---

[1]  Plaintiffs filed two separate but nearly identical Motions to Strike.  (See Dkts. 57 & 58, Motions; Dkts. 57-1 & 58-1, Plaintiffs' Memoranda in Support of Motions) (collectively, "Pls.' Mem.").  In response, defendants filed "separate, and virtually identical, opposition[s]" on May 18, 2017.  (Dkt. 62, HSBC Mortgage Corporation (USA)['s] Opposition [] ("HSBC's Opp.") at 1 n. 1; Dkt. 63, PHH Mortgage Corporation's Opposition) (collectively, "Opps.").  Plaintiffs then filed separate but nearly identical replies.  (See Dkts. 69 & 70, "Replies").

[2]  Erroneously sued as HSBC Bank, USA, National Association.  (See Dkt. 62, HSBC's Opp. at 1).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **ED CV 15-2057 FMO (SPx)** | Date | **November 6, 2017** |
|---|---|---|---|
| Title | **Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al.** | | |

### LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[D]efendants must state factual matter to support the plausibility of their defenses." ABC Distrib., Inc. v. Living Essentials LLC, 2016 WL 8114207, *1 (N.D. Cal. 2016). An allegation is "[r]edundant" if it is "needlessly repetitive or wholly foreign to the issues involved in the action." Cal. Dep't. of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S.Ct. 1023 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (quoting 5 Wright & Miller, Federal Practice and Procedure § 1382, at 711 (1990)). "Scandalous" allegations include those "that cast a cruelly derogatory light on a party or other person." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

### DISCUSSION

Plaintiffs move to strike the following: (1) the ninth affirmative defense of failure to mitigate damages; (2) the "bona fide error" language from the seventeenth affirmative defense; (3) the twenty-first affirmative defense of human intervention; and (4) the twenty-third affirmative defense of reservation of defenses. (See Dkts. 57-1 & 58-1, Pls.' Mem. at 3-7; see also Dkts. 45 & 46, Answers at 30-32). Plaintiffs argue that these do not constitute affirmative defenses. (See Dkts. 57-1 & 58-1, Pls.' Mem. at 1-2).

As an initial matter, the court notes that defendants misstate the law with respect to affirmative defenses. Specifically, defendants argue that at least two of the affirmative defenses at issue – the seventeenth and twenty-first affirmative defenses – are proper because they "go directly to the heart of the dispute and provide detail regarding why Plaintiffs do not meet the elements of their TCPA claims." (Dkts. 62 & 63, Opps. at 2). However, it is well-settled that "a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). "An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003) (alterations and internal quotation marks omitted); see Federal Deposit Ins. Corp. v. Main Hurdman, 655 F.Supp. 259, 262 (E.D. Cal. 1987) (An affirmative defense "den[ies] plaintiff's right to recover, even if the allegations of the complaint are true."); Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013) ("An affirmative defense absolves a defendant of liability even where the plaintiff has stated a prima facie case for recovery.") (internal quotation mark omitted); see also 5 Wright & Miller, Federal Practice & Procedure § 1270 (2007) ("An affirmative defense will defeat the plaintiff's claim if it is accepted by the district court or the jury."). Thus, contrary to defendants' assertion,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 15-2057 FMO (SPx)** | Date | **November 6, 2017** |
|----------|------------------------------|------|----------------------|
| Title | **Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al.** | | |

an affirmative defense is not one where defendants claim that plaintiff has failed to state a prima facie case; rather, it is one that "precludes liability even if all the elements of the plaintiff's claim are proven." Joe Hand Promotions, Inc. v. Estradda, 2011 WL 2413257, *1 (E.D. Cal. 2011).

With respect to defendants' ninth affirmative defense, the court is not persuaded that failure to mitigate is an affirmative defense in a TCPA action. Generally, failure to mitigate may reduce a plaintiff's amount of damages, but it is not a bar to recovery. See Microsoft Corp. v. Motorola, Inc., 963 F.Supp.2d 1176, 1188-89 (W.D. Wash. 2013) ("Here, Motorola confuses an affirmative defense with an argument that Microsoft's damages, if any, should be reduced. Motorola may certainly argue under the law that Microsoft had a duty to mitigate its damages and failed to do so. That is not, however, an affirmative defense to Microsoft's breach claims."). Although it is true, as defendants contend, (see Dkts. 62 & 63, Opps. at 4-5), that some courts have in the context of a TCPA action declined to strike a failure to mitigate affirmative defense, see, e.g., George v. Leading Edge Recovery Sols., L.L.C., 2013 WL 3777034, *2 (M.D. Fla. 2013), "the weight of available authority indicates that there is no duty to mitigate statutory damages in these [TCPA] cases." Springer v. Fair Isaac Corp., 2015 WL 7188234, *5 (E.D. Cal. 2015) (striking affirmative defense of failure to mitigate damages); see, e.g., Holtzman v. Turza, 2010 WL 4177150, *5 (N.D. Ill. 2010) ("Mitigation of damages is not a defense under the TCPA[.]"); Powell v. West Asset Management, Inc., 773 F.Supp.2d 761, 764 (N.D. Ill. 2011) ("courts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty"); Exclusively Cats Veterinary Hosp., P.C. v. Pharmaceutical Credit Corp., 2014 WL 4715532, *6 (E.D. Mich. 2014) (defense of failure to mitigate "cannot succeed under any circumstances"); Fillichio v. M.R.S. Assocs., Inc., 2010 WL 4261442, *5 (S.D. Fla 2010) (collecting cases). Therefore, the court will strike defendants' ninth affirmative defense of failure to mitigate damages.

Nor is the court persuaded that "bona fide error" in defendants' seventeenth affirmative defense is a defense to plaintiffs' TCPA claim. The TCPA "is essentially a strict liability statute[.]" Jackson v. Caribbean Cruise Line, Inc., 88 F.Supp.3d 129, 134-35 (E.D.N.Y. 2015); see, e.g., Penzer v. Transportation Ins. Co., 545 F.3d 1303, 1311 (11th Cir. 2008) ("Numerous courts have determined that the TCPA does not require intent[.]"); Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc., 401 F.3d 876, 882 n. 3 (8th Cir. 2005) ("The Act makes no exception for senders who mistakenly believe that recipients' permission or invitation existed."). Further, there is no good faith defense against a TCPA claim. See, e.g., Olney v. Job.com, Inc., 2014 WL 1747674, *8-9 (E.D. Cal. 2014) ("declin[ing] to find TCPA provides a good faith exception"); Morgan v. Branson Vacation & Travel, LLC, 2013 WL 5532228, *1 (W.D. Okla. 2013) ("Defendant's good faith is immaterial as the statute imposes strict liability for violations."); Lee v. Loandepot.com, LLC, 2016 WL 4382786, *7 (D. Kan. 2016) (refusing to apply good faith defense in TCPA case). Accordingly, the court will also strike the "bona fide error" language from defendants' seventeenth affirmative defense.

The court is convinced that defendants' twenty-first affirmative defense of "human intervention" does not constitute an affirmative defense. First, defendants do not cite any authority

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 15-2057 FMO (SPx)** | Date | **November 6, 2017** |
|---|---|---|---|
| Title | **Saber Ahmed, et al. v. HSBC Bank USA, National Association, et al.** | | |

for their argument. (See, generally, Dkts. 62 & 63, Opps.). Second, defendants acknowledge that "[t]he thrust of this defense is that [they are] not liable because the alleged calls were not made using an [automated telephone dialing system]." (Dkts. 62 & 63, Opps. at 6). Again, merely negating an element of plaintiffs' TCPA claim is not an affirmative defense. See Zivkovic, 302 F.3d at 1088 ("a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense"); Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (a defense that "directly attacks the merits" of a plaintiff's claim is not an affirmative defense).

With respect to defendants' twenty-third affirmative defense of reservation of defenses, it, too, is not an affirmative defense because it does not absolve defendants of liability even if plaintiffs were to establish a prima facie case. See Vogel, 291 F.R.D. at 442. Again, defendants do not offer any authority to the contrary. (See, generally, Dkts. 62 & 63, Opps.). In short, the court will strike defendants' defense of reservation of defenses because it does not constitute an affirmative defense. See, e.g., E.E.O.C. v. Timeless Investments, Inc., 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010) ("A 'reservation of affirmative defenses' is not an affirmative defense."); Cty. Vanlines Inc. v. Experian Info. Sols., Inc., 205 F.R.D. 148, 157-58 (S.D.N.Y. 2002) (striking affirmative defense "reserv[ing] the right to assert additional affirmative defenses at such time and to such extent, as warranted by discovery and factual developments in this case."); Racick v. Dominion Law Assocs., 270 F.R.D. 228, 237 (E.D.N.C. 2010) (finding reservation of "right to assert such other and affirmative defenses" "is simply not a defense of any kind, much less an affirmative one.").

Finally, because the court concludes that the defenses at issue are not affirmative defenses that must be pled or waived, see Vogel, 291 F.R.D. at 442 ("some of [defendant]'s affirmative defenses are not affirmative defenses at all."), the court will strike the affirmative defenses with prejudice.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motions to Strike Defendants' Affirmative Defenses **(Documents 57 and 58)** are **granted** as follows.

2. Defendants' ninth, twenty-first and twenty-third affirmative defenses are hereby **stricken without leave to amend**. The "from bona fide error" language in defendants' seventeenth affirmative defense is also **stricken without leave to amend.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |